IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DEANDRE CANNON, | :: | MOTION TO VACATE |
|     Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:22-CR-0313-ELR-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
|     Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:24-CV-2956-ELR-RGV |

## FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of DeAndre Cannon's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 68], and the government's response, [Doc. 75]. For the reasons that follow, it is **RECOMMENDED** that the § 2255 motion be **DISMISSED WITHOUT PREJUDICE**.

### I.  DISCUSSION

A federal grand jury in the Northern District of Georgia returned an eight-count indictment against Cannon and one co-defendant, charging Cannon in Count One with conspiracy to make false statements to a licensed firearms dealer, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2), and in Counts Two through Seven with knowingly making false statements to a licensed firearms dealer, in

violation of § 922(a)(6).  [Doc. 1].  Cannon entered a negotiated guilty plea to Count One, [Docs. 45; 71], and the Court entered judgment on September 21, 2023, sentencing Cannon to fifty months of imprisonment, [Doc. 54].  On May 29, 2024, Cannon filed a pro se notice of appeal, [Doc. 58], which remains pending in the United States Court of Appeals for the Eleventh Circuit.

Cannon submitted this § 2255 motion on June 25, 2024, arguing that: (1) his attorney coerced him to plead guilty; (2) "the charge of 18 U.S.C. § 371 is unconstitutionally vague to support a conviction"; (3) the element of intent was lacking because he truthfully informed the firearms dealer that he was purchasing the firearm, which remained in his custody, for himself; and (4) his conviction on a vague charge subjects him "to imprisonment for conduct that is not intentional nor criminal."  [Doc. 68 at 13, 15-16].  The government responds that Cannon's § 2255 motion should be dismissed as premature.  [Doc. 75 at 2].

"[T]he time for filing a § 2255 motion begins to run after the direct appeal process is complete[;] . . . pursuit of habeas relief should follow pursuit of direct-appeal relief[,]" as "the disposition of a direct appeal might render a habeas motion unnecessary."  United States v. Casaran-Rivas, 311 F. App'x 269, 273 (11th Cir. 2009) (per curiam).  See also United States v. Dunham, 240 F.3d 1328, 1329-30 (11th Cir. 2001) (per curiam) (concluding "that the district court lacked jurisdiction

2

to consider and rule on Dunham's § 2255 motion during the pendency of her direct appeal of her sentence" and vacating "the district court's order denying Dunham's § 2255 motion . . . without prejudice to Dunham's right to file a § 2255 motion after the disposition of her direct appeal"). "The appropriate course of action for addressing a § 2255 motion filed during the pendency of the direct appeal is to dismiss the § 2255 action without prejudice." Blair v. United States, 527 F. App'x 838, 839 (11th Cir. 2013) (per curiam). Because Cannon's direct appeal is still pending, his § 2255 motion is premature and due to be dismissed without prejudice. Id.; Casaran-Rivas, 311 F. App'x at 273; Dunham, 240 F.3d at 1329-30.

## II.  CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable

3

jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Because the dismissal of Cannon's § 2255 motion as premature is not debatable by jurists of reason, the undersigned recommends that he be denied a COA.

### III.  CONCLUSION

For the reasons stated, **IT IS HEREBY RECOMMENDED** that Cannon's § 2255 motion, [Doc. 68], and a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 21st day of August, 2024.

_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE